

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY 11747

Kelly C. Spina
631.247.4744 direct
631.247.4700 main
631.824.9043 fax
kspina@littler.com

October 25, 2024

**VIA ECF**

Honorable Jennifer H. Rearden
United States District Court
Southern District of New York, Room 1010
500 Pearl Street
New York, NY 10007

Re:   *Liqin Cai v. K Health, Inc.*
      Civil Action No. 1:24-cv-00185 (JHR)

Dear Judge Rearden:

We represent the Defendant, K Health, Inc., in the above matter and write jointly with Plaintiff's counsel to respectfully request that Your Honor approve the Parties' settlement and dismiss this matter with prejudice. As set forth below, the parties have reached an agreement following informal discovery and extensive negotiations between experienced counsel, including participation in the S.D.N.Y. mediation program and private mediation. Attached as Exhibit 1 is a copy of the fully executed Settlement Agreement.

**I.     PRELIMINARY STATEMENT**

On January 10, 2024, Plaintiff filed a Complaint alleging, among other things, that Defendant discriminated against her based on her gender, resulting in unequal treatment and pay when compared to her male coworkers in violation of the Equal Pay Act, 29 U.S.C. § 206. *See* Dkt No. 1. On May 7, 2024, the parties participated in the court-sponsored mediation program with mediator Rachel Nicotra, which was unsuccessful. On June 5, 2024, the Parties appeared for an initial pretrial conference and thereafter commenced written discovery. The Parties subsequently attended a private mediation session with JAMS on August 22, 2024, from which the parties reached a settlement in principle. *See* Ex. 1.

The Defendant vigorously denies any wrongdoing; however, in the interest of avoiding protracted, costly and uncertain litigation, Defendant has agreed to pay Plaintiff and her counsel $30,000, inclusive of attorney's fees and costs. This settlement falls within the range of reasonableness, in light of the best possible recovery and risks of litigation and collection, and therefore should be approved as fair and reasonable.

## II. LEGAL STANDARD

When Fair Labor Standards Act ("FLSA") claims are settled, the Court must review and scrutinize the proposed agreement to ensure fairness. *See Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp 2d 332,335 (S.D.N.Y 2012). In this matter, Plaintiff has advanced claims under the Equal Pay Act, which falls under the FLSA. *See* 29 U.S.C. § 206(d).

To determine whether a proposed settlement of an FLSA claim is fair and reasonable, the Court must consider "the totality of the circumstances", including "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Kassman v. KPMG LLP*, No. 11 CIV. 3743 (LGS), 2021 WL 1393296, at *2 (S.D.N.Y. Apr. 12, 2021); *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citation omitted); *accord Chevalier v. Staffpro, Inc.,* 2021 WL 949749 at *1 (S.D.N.Y Mar. 12, 2021). In addition, the following four public policy factors can weigh against approval: "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Wolinsky*, 900 F. Supp. 2d at 336.

"Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Mein v. Smith Fam. Farms*, LLC, 485 F. Supp. 3d 389, 393 (S.D.N.Y. 2020). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id*. Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

## III. THE SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT IS OBJECTIVELY FAIR, ADEQUATE AND REASONABLE

Pursuant to the terms of the Parties' Settlement Agreement, Defendant is paying the total sum of $30,000, inclusive of attorney's fees and costs.

Plaintiff's claims are based on allegations that she was compensated less than male peers. During the course of discovery, Defendant provided documents and information reflecting that Plaintiff was not similarly situated to her alleged male peers and, even so, she was compensated more than the identified male comparator at her same job level (Vice President). To the extent Plaintiff alleged she should have been compensated in line with a male officer of the company (Chief Technology Officer) whose job description included additional areas of oversight beyond Plaintiff's department, the salary difference

would amount to approximately $67,000 for the period of approximately eight months where Plaintiff claims to have performed similar duties. This calculation is based on optimistic, best case-scenario outcome and assumes that all of the disputed facts alleged by Plaintiff are entirely correct, and that Plaintiff would prevail on her Equal Pay Act claim, which Defendant disputes.

The Parties consider the settlement amount to be a favorable recovery. Plaintiff will be able to obtain a significant recovery, without confronting the risks of trial. Plaintiff's circumstances are such that it is in the Plaintiff's best interest to receive an expedient settlement payment, rather than escalate the costs, burdens, and risks of further litigation and trial, and risk the ability to collect a judgment. Plaintiff believes that the settlement amount is a fair result, which eliminates the delay and risks of trial and collection.

Moreover, the settlement is the product of good faith, arms-length negotiations between experienced counsel reached before an experienced JAMS mediator. Both Plaintiff's counsel and Defendant's counsel are partners at employment law firms with extensive experience litigating such matters.

Defendant disputes the factual allegations in the Complaint, including that Plaintiff was paid less than her male comparator colleagues. As detailed extensively to Plaintiff and her counsel throughout the course of negotiations and during mediation, Plaintiff was highly compensated for her role and associated job duties with the Defendant and cannot substantiate her claims that she was paid unfairly. Accordingly, it is Defendant's position that Plaintiff could recover nothing at trial.

However, Defendant believes that the settlement is fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including motion practice, trial, and counsel fees, which would be significant if the case were to go to trial. Additionally, the Defendant has considered the fee shifting nature of the FLSA for attorney's fees if Plaintiff were to prevail, which could result in a large fee award, even if damages were minimal. Furthermore, the Defendant believes the proposed settlement is fair and reasonable because the settlement was negotiated at arms-length by competent counsel.

Finally, the public policy factors articulated in *Wolinsky* do not weigh against approval of the Settlement Agreement. *See Wolinsky*, 900 F. Supp. 2d at 336. First, there are no other employees whose rights are affected by the settlement. Second, it is unlikely that Plaintiff's injury would recur, as she no longer works for the Defendant. Third, apart from this lawsuit, there is no indication that Defendant has a history of FLSA or EPA non-compliance. And fourth, there are no additional novel factual or legal issues that would warrant rejection of the Settlement Agreement.

**IV.    THE COSTS AND ATTORNEY'S FEES ARE FAIR AND REASONABLE**

Pursuant to the Settlement Agreement and agreement between Plaintiff and her counsel, of the $30,000 settlement amount, $10,000 is allocated to Plaintiff's counsel. Plaintiff agreed, upon retaining counsel, to pay one-third of the settlement as a counsel fee. Plaintiff's counsel incurred costs of $500.00

Honorable Jennifer H. Rearden
October 25, 2024
Page 4

for filing fees and package delivery costs, which means that the actual counsel fee of $9,500.00, after deducting costs, amounts to approximately 31.5% of the overall settlement. Plaintiff agreed, upon retaining counsel, to pay one-third of the settlement as a counsel fee.

Plaintiff's counsel represented Plaintiff on a full contingency. This is consistent with the fee-shifting policy incorporated into the FLSA. Assuming the typical hourly rates of the associate and partner who worked on this matter, Plaintiff's counsel's fees would well exceed the $10,000 contingency arrangement they are accepting under this settlement.

Where a settlement agreement provides for attorneys' fees and costs, district courts "also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). Some courts defer to the contract between the plaintiff and his or her counsel. *Mares v. Dal Chon Kim,* 2016 U.S. Dist. LEXIS 96723, at *5 (S.D.N.Y. 2016) ("[T]he purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee for overreaching by the employer . . . . I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney"). The latter view was espoused by the United State Supreme Court in *Venegas v. Mitchell,* 495 U.S. 82 (1990), where the Court construed 42 U.S.C. § 1988 and held that the fee-shifting statute:

> controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order. [The statute] itself does not interfere with the enforceability of a contingent-fee contract.

*Mitchell,* 495 U.S. at 90. Similarly, in *Cheeks,* the Second Circuit Court of Appeals noted that the duty to pay wages falls upon the employer—not the employee's counsel who labored for an agreed-upon fee. In *Cheeks,* the Second Circuit expressly noted, "the FLSA's primary remedial purpose: to prevent abused by unscrupulous employers and remedy the disparate bargaining power between employers and employees." *Cheeks,* 796 F.3d at 207. *Cheeks* only requires a court to review "adequate documentation" of the fee, which is submitted herein, and a review of the settlement amount that the employer is paying to the employees. *Id.* at 206. *Cheeks* is in full accord with *Mitchell*, where the Supreme Court limited its view to what the "losing defendant must pay," and approved the plaintiff's counsel's fee based upon the private contract between the Parties, without intruding into the relationship between plaintiff and counsel. *See Mitchell*, 495 U.S. at 89.

A one-third contingency fee is "commonly accepted in the Second Circuit in FLSA Cases." *Najera v. Royal Bedding Co.*, *LLC*, 2015 U.S. Dist. LEXIS 71877, at *7 (E.D.N.Y. June 3, 2015) (collecting cases). *See, e.g. Gaspar v. Pers. Touch Moving, Inc.*, 2015 U.S. Dis. LEXIS 162242, at *5 (S.D.N.Y. Dec.,3, 2015) ("Fee awards presenting one third of the total recovery are common in this District"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit,"); *Rangel v. 639 Grant St. Meat & Produce Corp.*, 2013 U.S.

Honorable Jennifer H. Rearden
October 25, 2024
Page 5

Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approved of fees that amount to one-third of the total recovery). However, 1/3 is not the "maximum fee percentage" that counsel may be awarded. *Fisher v. SD Protection Inc.,* 948 F.3d 593 (2d Cir. 2020). According to the Second Circuit, "[e]ven if helpful, however, the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award." *Id*.

In view of the foregoing, the Parties respectfully submit this joint request that the Court approve the Settlement Agreement and dismiss this matter with prejudice.

Respectfully submitted,

| | |
|---|---|
| Littler Mendelson, P.C. | The Law Office of Christopher Q. Davis |
| Counsel for Defendant | Counsel for Plaintiff |
| | |
| By: /s/ Kelly C. Spina | By: /s/ Brendan Sweeney |
| Kelly C. Spina, Esq. | Brendan Sweeney, Esq. |
| Taylor Brodsky, Esq. | 80 Broad Street, Suite 703 |
| 290 Broadhollow Road, Suite 305 | New York, NY 10004 |
| Melville, NY 11747 | bsweeney@workingsolutionsnyc.com |
| kspina@littler.com | (646) 430-7930 |
| tbrodsky@littler.com | |
| (631) 247-4700 | |